

**Signed and Filed: April 26, 2006**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>THEODORE A. KOLB,<br><br>    Debtor.<br><br>ROBERT M. CASSEL, on behalf of this Chapter 11 Estate,<br><br>    Plaintiff,<br><br>  v.<br><br>HILDE KOLB, Trustee, JONATHAN KOLB, RICHARD KOLB and DOUGLAS KOLB,<br><br>    Defendants. | Case No. 97-32321<br>Chapter 11<br><br><br>Adv. No. 99-3144<br><br>Status Conference<br>235 Pine St., 22d Flr.<br>May 11, 2006<br>1:30 p.m. |

**MEMORANDUM DECISION REGARDING JUDICIAL ESTOPPEL[1]**

Judicial estoppel arises in several forms. It may be invoked to prevent a party from gaining an advantage by taking inconsistent positions, or to "protect against a litigant playing fast and loose with the courts," or because of "general

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052 (incorporating by reference Fed. R. Civ. P. 52(a)).

-1-

consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings." <u>Russell v. Rolfs</u>, 893 F.2d 1033, 1037 (9th Cir. 1990) (citations and internal quotation marks omitted), <u>cert. denied</u>, 501 U.S. 1260 (1991). Judicial estoppel may be invoked sua sponte. <u>Id</u>. ("Because it is intended to protect the integrity of the judicial process, [judicial estoppel] is an equitable doctrine invoked by a court at its discretion."). For the reasons set forth below, the court invokes judicial estoppel in this adversary proceeding.

I. <u>Facts</u>

A few days before filing his voluntary chapter 11 petition debtor Theodore A. Kolb ("Ted") disclaimed his contingent remainder interest in the estate of his father Dr. Leon Kolb ("Leon"). This court entered a judgment that Ted's disclaimer was effective and his contingent interest rightfully belonged to his children not his creditors. The district court affirmed that judgment, but the Court of Appeals for the Ninth Circuit later reversed, holding that Ted's disclaimer was ineffective and his "contingent interest is an asset of the bankruptcy estate." <u>In re Kolb</u>, 326 F.3d 1030, 1041 (9th Cir. 2003).

Meanwhile Ted and his siblings had already liquidated Leon's assets and distributed the proceeds to Ted's children, three adult sons. In state court[2] they filed two reports resulting in orders that allegedly protect them and Ted's children from liability.

The first report, filed on April 25, 2001 (the "First Report"), petitioned the state court to appoint Ted and his

---

[2] <u>In the Matter of the Estate of Dr. Leon Kolb, Deceased</u> (San Francisco Superior Ct. No. 217919).

-2-

siblings as Successor Trustees to Hilde Kolb ("Hilde"), Leon's widow, who had been Trustee of Leon's trust until she died on September 18, 2000.[3] The First Report claims that "[a]ll of the beneficiaries" of Leon's trust had waived the requirement of filing of an account on behalf of Hilde and that pursuant to Ted's disclaimer "the one-third share of [Ted in Leon's estate] evolved [sic] upon his three children . . . in equal shares." In a later report entitled "Final Report on Waiver of Account and Petition for Discharge by Successor Trustees" (the "Second Report") the Successor Trustees told the state court that "the beneficiaries" had requested the distributions they had made and that "all of the beneficiaries" had consented to the Successor Trustees' discharge.

This was false and misleading. Ted's creditors, represented by Robert M. Cassel ("Cassel"),[4] asserted and later established that they and not Ted's children were the true beneficiaries of Ted's share, and they certainly did not waive any accounting or consent to the Successor Trustees' distributions and discharge.

---

[3] The First Report was the first one filed by the Successor Trustees in Leon's estate but was filed on behalf of Hilde as her second and final report. It is entitled "Second and Final Report on Waiver of Account on Behalf of Hilde Kolb as Trustee of the Trust Created Pursuant to Paragraph Fifth of the Will of the Above-Named Deceased."

[4] This court has granted Cassel authority to bring this adversary proceeding on behalf of Ted's bankruptcy estate on a contingency fee basis. Pursuant to Ted's confirmed liquidating plan the claims in this adversary proceeding and all other non-exempt assets were transferred to a Liquidating Trust. Cassel has continued to prosecute this action and on June 11, 2003, he filed a motion that among other things sought to join the liquidating trustee, Uecker & Associates, Inc. (the "Liquidating Trustee"), as an additional plaintiff pursuant to Fed. R. Civ. P. 19(a)(2)(i), 21 and 25(c) (incorporated by Fed. R. Bankr. P. 7019, 7021 and 7025) (the "Post-Remand Motion").

Case: 99-03144   Doc# 141   Filed: 04/26/06   Entered: 04/26/06 12:25:08   Page 3 of 13

The Successor Trustees do not deny that when they filed the First and Second Reports they had notice of Cassel's claims. On September 22, 2000, Cassel had filed a Notice of Pendency of Action Challenging Validity of Disclaimer (the "Cassel Notice") which noted that this adversary proceeding had been commenced to set aside Ted's disclaimer, disclosed that a judgment adverse to Cassel had been entered, and stated that "[t]he matter has been appealed . . . ." In addition, the same lawyers who represented the Successor Trustees and Ted's children in state court had been arguing for years in federal court over whether Ted's disclaimer was effective, and that issue had not yet been resolved by the Ninth Circuit.[5]

The Successor Trustees nevertheless executed verifications of the First and Second Reports and Ted's children each executed a Waiver of Filing of An Account in which each claimed to have received assets to which he "is entitled." In reliance on the First Report the state court issued an order on June 13, 2001, repeating word for word the statements that "all beneficiaries" had waived an accounting and that Ted's interest had "evolved" upon his children pursuant to his disclaimer (the "State Disclaimer Order").[6] In reliance on the Second Report the state court issued an Order Terminating Trust and Discharge of Successor

---

[5] The conduct and statements of attorneys can be imputed to parties for purposes of judicial estoppel. See Hall v. GE Plastic Pacific PTE, Ltd., 327 F.3d 391, 396 (5th Cir. 2003) (citing cases).

[6] The State Disclaimer Order is entitled "Order Settling Second and Final Report of Trustee on Waiver of Account on Behalf of Hilde Kolb as Trustee."

-4-

Trustees, on June 27, 2002, stating that "all beneficiaries" had once again waived an accounting, that Leon's trust "is terminated," and that the Successor Trustees "be discharged" (the "State Discharge Order").

The Successor Trustees and Ted's children did not notify the Ninth Circuit or Cassel of these developments. They did not argue to the Ninth Circuit that the issue before it -- the validity of Ted's disclaimer -- had been mooted by the State Disclaimer Order, the State Discharge Order, or both. Had they done so they would have had to serve Cassel with whatever notice they gave to the Ninth Circuit, which would have alerted Cassel to the proceedings in state court.

Instead Ted's children waited until June 23, 2003, after the Ninth Circuit ruled against them and had remanded to this court, to assert in a motion for summary judgment ("Ted's Children's MSJ") that this court is powerless to enter any judgment against them because of the state court orders, notwithstanding the Ninth Circuit's determination that Ted's disclaimer was invalid. They also argue, as part of their opposition to Cassel's Post-Remand Motion, that this court is powerless to enter any judgment against the Successor Trustees because they were "validly discharged" by the state court.

II. Procedural history

The Ninth Circuit "den[ied] without prejudice to renewal after remand to the Bankruptcy Court [Cassel's] motion for substitution contained in the suggestion of [Hilde's] death filed under Federal Rule of Appellate Procedure 43(a)." Kolb, 326 F.3d at 1041 n. 12. Cassel's Post-Remand Motion renews this request to

-5-

Case: 99-03144    Doc# 141    Filed: 04/26/06    Entered: 04/26/06 12:25:08    Page 5 of 13

substitute the Successor Trustees as defendants in place of Hilde and also (a) seeks to join the Liquidating Trustee as an additional plaintiff and (b) requests entry of judgments against Ted's children and the Successor Trustees "decreeing that the property sought to be disclaimed by [Ted] was property of this bankruptcy estate, as mandated by the Ninth Circuit Court of Appeal, and directing each of the defendants to turn over and deliver said property or the value thereof." The Post-Remand Motion and Ted's Children's MSJ (collectively, the "2003 Motions") came on for hearing on July 25, 2003. The court ruled in favor of Cassel but no written orders were issued because the parties disputed the form of such orders and then engaged in protracted attempts to settle their disputes. No settlement was reached.

On November 15, 2005, the Successor Trustees filed a motion to set aside the court's oral ruling permitting Cassel to substitute them as defendants and a motion in support of Ted's Children's MSJ. Ted's children also filed a motion on December 19, 2005, for reconsideration of the court's oral denial of their MSJ.[7] Meanwhile, on December 2, 2005, Cassel filed a counter-

---

[7] Like several of the documents filed in this adversary proceeding the actual title of this motion filed by Ted's children is confusing: "Motion in Support of Kolb Beneficiaries' Motion [meaning the Successor Trustees' Motion?] for Reconsideration of Denial of Motion for Summary Judgment." Although "[t]he rules do not recognize a motion for reconsideration" as such (In re Captain Blythers, Inc., 311 B.R. 530, 539 (9th Cir. BAP 2004)) the court has the inherent discretion to reconsider its orders prior to final judgment, as Ted's children and the Successor Trustees point out. Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 12 (1983); City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 886 (9th Cir. 2001). In addition, the court would reach the same result set forth in this memorandum decision under Fed. R. Civ. P. 52(b), 59(a), or 60(b) (made applicable in bankruptcy by Fed. R. Bankr. P. 7052, 9014(c), 9023,

-6-

motion for summary judgment (the "Cassel MSJ").  These various motions (collectively, the "2005 Motions") came on for hearing on February 6, 2006, and at the end of the hearing the court directed the parties to file briefs on the issue of judicial estoppel and took the motions under advisement.  On February 17, 2006, Cassel and the defendants filed briefs regarding judicial estoppel and the 2005 Motions were submitted.

III. Discussion

The Successor Trustees and Ted's children argue that Cassel's exclusive remedy is in state court, but that is not the law. First, the doctrine of judicial estoppel is not limited to proceedings before the same court.  It is regularly applied to incompatible statements and positions before different courts and in different cases.  Rissetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 605 (9th Cir. 1996).  Indeed, judicial estoppel may be even more appropriate in such situations because "[i]nconsistent positions in different suits are much harder to justify" than inconsistent pleading within one suit.  Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp., 910 F.2d 1540, 1548 (7th Cir. 1990) (cited with approval by Rissetto, 94 F.3d at 605).

Second, California might "have a more limited or different view of judicial estoppel" but whether or not that is so it "does not preclude [a federal court] from determining what rule is appropriate for [federal] purposes."  Russell, 893 F.2d at 1038. This court assumes without deciding that the defendants would

---

and 9024).

prevail in state court on the various arguments that they raise here -- that Cassel was not entitled to notice of the First and Second Reports because he did not properly request such notice, that the state court orders have become final and can no longer be challenged, and so on.  Whatever the outcome would be in state court, this court has an independent obligation to protect the integrity of proceedings before it.  Russell, 893 F.2d at 1038 ("Each court, state and federal, is entitled to have whatever rules of judicial estoppel it considers necessary to protect its dignity and it[s] system of justice.").

The circumstances under which judicial estoppel may appropriately be invoked "are probably not reducible to any general formulation of principle" but the decision to apply judicial estoppel, or at least the preclusion of advantage from inconsistent positions, is typically informed by three factors: (a) whether there was a "clearly inconsistent" position, (b) whether the first position was accepted by a court so that acceptance of a second position would create the perception that one of the courts was misled, and (c) whether an unfair advantage or unfair detriment would result without an estoppel.  New Hampshire v. Maine, 532 U.S. 742, 750-51, reh. den., 533 U.S. 968 (2001) (citations and internal quotation marks omitted) ("Additional considerations may inform the doctrine's application in specific factual contexts.").  See also Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001) (inconsistent position must be "accepted" by the first court, at least initially).

Judicial estoppel is appropriate in this case under the

-8-

foregoing principles.  After years of litigation in this adversary proceeding over the proper beneficiaries of Leon's estate, the Successor Trustees and Ted's children argue that the dispute has been mooted by the state court orders.  Yet those orders were obtained by misrepresenting to the state court that no such dispute existed -- that all the beneficiaries had waived any accounting and consented to the Successor Trustees' distributions and discharge and that Ted's children were "entitled" to those distributions, all of which ignores the Cassel Notice while failing to advise the state court that in fact the effectiveness of Ted's disclaimer and the propriety of distributions to Ted's children were still very much at issue in this adversary proceeding by virtue of the pending appeal to the Ninth Circuit.  The defendants cannot have it both ways:  they cannot misrepresent to the state court that everyone is in agreement and then argue to this court that the parties' disagreements have been conclusively resolved by the state court.  That would (a) reward an inconsistent position that (b) was relied upon by the state court in issuing the State Discharge Order and (c) the advantage that this would give the Successor Trustees and Ted's children, and the detriment to Cassel, would be unfair because the state court orders are based on false and misleading statements to the state court.  Moreover, judicial estoppel is appropriate in this case on both of the other traditional grounds, viz., to protect against the Successor Trustees and Ted's children playing fast and loose with the courts, and because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings.  <u>Russell</u>, 893 F.2d at 1037.

As stated at the start of this discussion, the Successor Trustees and Ted's children contend that Cassel should take his problems to the state court, but they also argue that the state court proceedings are final and the time to challenge the state court orders has long since passed. Whether or not the state court would apply judicial estoppel in these circumstances, this court will do so. The appropriate remedy is to preclude the defendants from relying in this court on the advantage they gained from their incorrect and inappropriate statements to the state court. The Ninth Circuit applied this remedy in <u>Russell</u>:

> The state prevailed by telling the state court the opposite of what it told the federal court. The proposition that the state can be estopped from relying on the advantage it gained by doing so seems unremarkable.

<u>Russell</u>, 893 F.2d at 1038.[8]

As a consequence of their actions, the Successor Trustees will be judicially estopped in this court to raise the state court orders as a bar to any liability they may have for distributing to Ted's children the proceeds that belonged to Ted's creditors.

---

[8] In <u>Russell</u> the state of Washington opposed a prisoner's federal habeas corpus petition by arguing that the prisoner had "adequate and available" remedies in state court, which the Ninth Circuit held was "tantamount to advising the federal district court that [the prisoner] would be given a hearing in state court <u>on the merits</u> of his claims." <u>Russell</u>, 893 F.2d at 1038 (emphasis added). The prisoner then sought relief in the state courts, but the state successfully argued to the state court of appeals that the prisoner was "<u>procedurally</u> barred at that level . . . ." <u>Id.</u> at 1035 (emphasis added). The Washington Supreme Court affirmed. The prisoner then filed a second habeas corpus petition in federal court which the state opposed on the basis that a procedural disposition is not reviewable on habeas corpus and that the federal court was bound by the state courts' determination as to the procedural issue. The Ninth Circuit held that judicial estoppel barred the state from making this argument. <u>Id.</u> at 1037-39.

-10-

Ted's children will be judicially estopped in this court to raise the state court orders as a bar to returning the distributions they received, or as a bar to any liability for not returning those distributions. The court expresses no view as to the extent of defendants' liability for those distributions, but only holds that they cannot use the State Disclaimer Order and the State Discharge Order as a shield to any such liability.

IV. Conclusion

The Successor Trustees told the state court that all beneficiaries had consented to the distribution of Ted's share of Leon's trust and to their discharge. In fact, they knew that Ted's creditors claimed to be the true beneficiaries and did not consent to the distribution or the discharge.

Ted's children told the state court that they were "entitled" to receive proceeds of Leon's estate as beneficiaries. In fact, they knew that this was very much in dispute.

The state court relied on these false and misleading statements in issuing the State Disclaimer Order and the State Discharge Order. The Successor Trustees and Ted's children are judicially estopped from using those orders to evade the Ninth Circuit's final determination that the proceeds of Leon's estate belonged to Ted's bankruptcy estate.

Because of the number of pending motions, the complex procedural history, and past disputes as to the form of orders, the court will hold a status conference on May 11, 2006, at 1:30 p.m. to discuss the forms of orders disposing of the 2003 Motions and the 2005 Motions and the future proceedings in this case. Counsel may but are not required to serve and upload proposed

-11-

```
 1  orders before that time.
 2                      * END OF MEMORANDUM DECISION *
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

COURT SERVICE LIST

| | |
|---|---|
| John Poppin, Esq.<br>Law Offices of John Poppin<br>600 California St., 14th Floor<br>San Francisco, CA  94108 | for Robert M. Cassel |
| Matthew J. Shier, Esq.<br>Pinnacle Law Group LLP<br>425 California St., Suite 1800<br>San Francisco, CA  94104 | for Robert M. Cassel |
| Neil R. Bardack, Esq.<br>Naz Roudiani, Esq.<br>McQuaid Bedford & Van Zandt LLP<br>221 Main St., 16th Floor<br>San Francisco, CA  94105 | for Theodore M. Kolb, Ruth Globerson, Felix Kolb, Jonathan Kolb, Richard Kolb, and Douglas Kolb |
| Iain A. Macdonald, Esq.<br>Law Offices of Iain A. Macdonald<br>Two Embarcadero Center, Suite 1670<br>San Francisco, CA  94104 | bankruptcy counsel to Theodore M. Kolb |
| Robert A. Franklin, Esq.<br>19330 Stevens Creek Blvd., Suite 100<br>Cupertino, CA  95014 | for Uecker and Assoc's, Inc. |